UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAVO ADOLFO UMANZOR-
TREJO,

         Petitioner,

                                           Case No.: 2:26-cv-11258

v.                                       Hon. Gershwin A. Drain


MARKWAYNE MULLIN,
TODD BLANCHE, TODD
LYONS, ROBERT LYNCH, and
JOHN DOE,

         Defendants.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 2]

THIS MATTER comes before the Court on Petitioner's Motion for Temporary Restraining Order. Having considered the motion, the memorandum, and exhibits in support thereof, and submissions related to the motion, the Complaint, and the applicable law, the Court finds as follows:

1. Petitioner's Motion for a Temporary Restraining Order ("TRO") [ECF No. 2] is GRANTED for the reasons stated in his Petition for Habeas Corpus and in the Motion for TRO. Respondents are ORDERED to immediately release Petitioner from custody and restore his bond order.

1

2. Petitioner satisfied the requirements for a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b). Petitioner's habeas petition and motion are both verified. *See* ECF No. 1, PageID.27; ECF No. 2, PageID.92. Petitioner described the irreparable harm he will suffer unless the TRO is issued. ECF No. 2, PageID.87–88. And the irreparable harm that Petitioner faces—continued detention that is likely unlawful—while awaiting full briefing demonstrates that notice should not be required before the issuance of the TRO. *See id.*; *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 656 (D. Mass. 2018) ("Any unjustified loss of liberty for even one more day would be a particularly painful form of irreparable harm[.]").

3. Respondents, their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, are ENJOINED and RESTRAINED from re-detaining Petitioner without first providing a bond hearing before an immigration judge at which the Government bears the burden of demonstrating that Petitioner is a flight risk or danger to the community by clear and convincing evidence. *See Soto-Medina v. Lynch*, --- F. Supp. 3d ---, No. No. 1:25-cv-1704, 2026 WL 161002, at *9 (W.D. Mich. Jan. 21, 2026).

4. Respondents may move for modification or dissolution of this Order on two (2) days' notice. *See* Fed. R. Civ. P. 65(b).

2

5. Respondents are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue pending a final disposition of this matter. The hearing on the order to show cause will be held on May 5, 2026 at 3:30 p.m. Respondents shall file a response to Petitioner's motion by April 28, 2026, and Petitioner may file a reply by April 30, 2026. The parties may stipulate to an extended briefing schedule and hearing date, provided that the parties also stipulate that the temporary restraining order will continue in effect until that hearing date.

6. No security is required under Federal Rule of Civil Procedure 65(c). *See Moltan Co. v. Eagle-Picher Indus.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("[T]he rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security."); *Highland Coop. v. Lansing*, 492 F. Supp. 1372, 1383 (W.D. Mich. 1980) (waiving security requirement where there was a "strong public interest" and "negligible harm to defendants"); *Fla. Decides Healthcare, Inc. v. Byrd*, 790 F. Supp. 3d 1335, 1358 (N.D. Fla. 2025) ("[W]aiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right.").

**IT IS SO ORDERED.**

Dated:  April 22, 2026                    /s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge