UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAVO ADOLFO UMANZOR-
TREJO,

               Petitioner,

v.

MARKWAYNE MULLIN, *Secretary of U.S. Department of Homeland Security,* TODD BLANCHE, *U.S. Attorney General*, TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, ROBERT LYNCH, *Director of U.S. Immigration and Customs Enforcement, Detroit Field Office*, and JOHN DOE, *Warden*,

               Respondents.

_____/

Case No.: 2:26-cv-11258
Hon. Gershwin A. Drain

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS [ECF No. 1] AS MOOT

Petitioner Gustavo Adolfo Umanzor-Trejo was detained in Immigration and Customs Enforcement ("ICE") custody at the Monroe County Jail since January 27, 2026. Petitioner filed a Petition for Habeas Corpus and requested preliminary injunctive relief ordering his immediate release. The Court granted a temporary restraining order ("TRO") and, later, a preliminary injunction, which compelled Petitioner's release. Petitioner then returned to his home in Florida.

1

Presently before the Court is the Petition for Habeas Corpus. The Court concludes that a hearing will not aid in the disposition of the petition and will determine the outcome on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Petition for Habeas Corpus [ECF No. 1] is DENIED AS MOOT.

## I.      BACKGROUND

Petitioner Gustavo Adolfo Umanzor-Trejo is a 36-year-old citizen of Honduras. ECF No. 1, PageID.4. In March 2020, he unlawfully entered the United States and was charged with removal for not having a valid entry document permitting him to enter the United States under 8 U.S.C. § 1182(a)(7). ECF No. 1-1, PageID.29. Petitioner filed applications for asylum, withholding of removal, and protection under the Convention Against Torture, which remain pending. ECF No. 1, PageID.4–5.

On January 27, 2026, Border Patrol Agents in Tampa, Florida arrested Petitioner for being illegally present in the country when they encountered him during a traffic stop. ECF No. 9-4, PageID.162. Petitioner was subsequently transferred to the Monroe County Jail in Monroe, Michigan, where he was confined under 8 U.S.C. § 1225(b)(2). That section provides for mandatory detention during removal proceedings without any opportunity for bond. ECF No. 1, PageID.5. On March 12, 2026, Petitioner sought a custody redetermination in the Detroit Immigration Court, arguing that his mandatory detention under § 1225(b)(2) was

2

improper, and that he was entitled to an opportunity for bond under § 1226(a) instead. *Id.* The Immigration Judge denied the request, finding it was unable to grant the relief Petitioner sought because of a binding Board of Immigration Appeals ("BIA") decision that found that noncitizens like Petitioner were subject to mandatory detention under § 1225(b)(2), not discretionary detention under § 1226(a). *Id.*; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. Sept. 5, 2025).

Petitioner filed the instant Petition for Habeas Corpus, arguing that his detention without bond under § 1225(b)(2) violates the Immigration and Nationality Act ("INA"), due process under the Fifth Amendment, violation of the Administrative Procedure Act, violation of equal protection under the Fifth Amendment, violation of the Suspension Clause, and violation of the *Accardi* doctrine with respect to 8 C.F.R. § 287.8(C)(2)(I) and (II). *See* ECF No. 1. Petitioner also filed a Motion for Temporary Restraining Order and Preliminary Injunction, including a proposed order seeking the same, asking to be immediately released pending the outcome of his habeas petition. ECF No. 2-1.

The Court granted Petitioner's Motion for TRO, ordering his release and requiring Respondents[1] to provide Petitioner with a bond hearing upon his re-

---

[1] Respondents are: Markwayne Mullin, Secretary of U.S. Department of Homeland Security, Todd Blanche, U.S. Attorney General, Todd Lyons, Acting Director of ICE,

detention. ECF No. 4. Shortly after his release, Petitioner returned to Florida (where his home is located), and transferred his immigration removal proceedings there. ECF No. 16, PageID.272. Later, the Court dissolved the TRO, finding that it suffered from procedural defects. However, the Court entered a preliminary injunction to the same effect. ECF No. 15.

At the hearing regarding the TRO and preliminary injunction, Respondents raised the question of whether the Court continued to have jurisdiction now that Petitioner had left for Florida. *Id.* at PageID.264. The Court ordered the parties to brief the issue. In the briefing, Respondents argue that only the warden of the Monroe County Jail is a proper respondent in this case. ECF No. 16, PageID.279. Because Petitioner is now in Florida, the Court lacks jurisdiction over any official who would have authority over Petitioner's re-detention, and the case is now moot because the Eleventh Circuit—which includes Florida—issued a binding decision finding that the detention of noncitizens like Petitioner are entitled to discretionary detention under 8 U.S.C. § 1226(a). ECF No. 17, PageID.296–97.

In response, Petitioner argues that ICE Detroit Field Office Director Robert Lynch and Attorney General Todd Lyons are also properly named respondents in this

Robert Lynch, Director of ICE Detroit Field Office, and the warden of the Monroe County Jail.

case. ECF No. 18, PageID.310–12. Petitioner did not specifically address the mootness argument.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, a district court has the "authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004). "Section 2241 confers jurisdiction to hear habeas corpus challenges to the legality of a noncitizen's detention." *Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025). "Although the Court 'may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution.'" *Id.* (quoting *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020)).

## III.   DISCUSSION

### A. Proper Respondent

First, the Court considers who is the proper respondent in this case. Respondents' position is that only the warden of the Monroe County Jail is the proper respondent. Petitioner argues that the ICE Detroit Field Office Director and the Attorney General are proper respondents. For purposes of this analysis, the most

important issue is whether the Attorney General is a proper respondent, as the Court explains below.[2]

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). As an initial matter, there is only one proper respondent to a habeas petition. *See id.* ("The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition."); *see also Roman v. Ashcroft*, 340 F.3d 314, 321–22 (6th Cir. 2003) (rejecting the notion that more than one person can be a proper respondent to a habeas corpus petition). The default rule is that the proper respondent is the petitioner's immediate custodian, "not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435 (collecting cases); *see also Roman*, 340 F.3d at 319–20 (noting that the proper respondent in a habeas corpus case is the petitioner's "immediate custodian").

In *Padilla*, the Supreme Court left open the possibility that the Attorney General may be a proper respondent in a habeas petition filed by a noncitizen who is detained pending removal, noting that the Courts of Appeals had split on this issue. *See id.* at 435 n.8. The Sixth Circuit, however, has largely foreclosed this as a

---

[2] Petitioner does not contest the dismissal of Markwayne Mullin, Secretary of the Department of Homeland Security, and Todd Lyons, ICE Director. ECF No. 18, PageID.306.

possibility. In *Roman v. Ashcroft*, the Sixth Circuit held that the ICE Field Office Director—rather than the warden of the jail in which a noncitizen detainee is detained—is the detainee's "immediate custodian" for purposes of naming a proper respondent to the habeas petition. 340 F.3d at 320–21.[3] The court went on to state that "the Attorney General does not have actual physical custody of aliens detained by [ICE]," and that it agrees with "those courts that have concluded that the Attorney General is not generally a proper respondent to any habeas corpus petition." *Id.* at 323–24.

However, the Sixth Circuit noted that the Attorney General *may* be a proper respondent under "extraordinary circumstances", *i.e.*, where naming the Attorney General is necessary "in order to preserve a petitioner's access to habeas corpus relief." *Id.* at 325. As examples of where this exception may apply, the Sixth Circuit described situations where a habeas petitioner's location is unknown or where ICE transfers a habeas petitioner to different jurisdictions "in a clear effort to evade an alien's habeas petitions." *Id.* at 326. Naming the Attorney General under such

---

[3] In actuality, the Sixth Circuit stated that the District Director of the Immigration and Nationalization Service ("INS") was the proper respondent. However, pursuant to the Homeland Security Act of 2002, the INS was replaced by three agencies: ICE, U.S. Customs and Border Protection, and U.S. Citizenship and Immigration Services. "[F]ormer INS district directors are today's ICE field office directors; they serve the same function." *Aguilar v. Dunbar*, 809 F. Supp. 3d 718, 726 n.4 (E.D. Mich. 2025). Accordingly, considering *Roman* in present day, *Roman* stands for the proposition that ICE Field Office Directors are a noncitizen detainee's immediate custodian. For clarity's sake, the Court refers to ICE rather than the INS.

circumstances preserves a petitioner's right to habeas relief because the Attorney General has nationwide authority over ICE. *See id.*

There are no extraordinary circumstances in this case that would warrant invoking this narrow exception. Petitioner is not detained in some unknown location, and there is no indication that ICE has ever—or will ever—transfer Petitioner from jurisdiction to jurisdiction to purposefully evade his habeas petitions. As such, "[t]he circumstances of [Petitioner's] petition are not such that [the Court's] refusal to recognize the Attorney General as a respondent will effectively deny [Petitioner] even the possibility of habeas corpus relief." *Id.* at 327.

Petitioner argues that, because the Supreme Court's *Padilla* decision came after the Sixth Circuit's *Roman* decision, *Padilla* should control; and because *Padilla* left the AG-as-respondent issue an open question, the Court should allow the Attorney General to remain as a respondent in this case. ECF No. 18, PageID.311–12. The Court cannot do so because *Roman* remains binding, even though it is an older case than *Padilla*. The Supreme Court's *Padilla* decision did not overrule or abrogate *Roman*'s finding that the Attorney General is not a proper habeas respondent; it simply acknowledged that the issue is the subject of a Circuit split, and it explicitly declined to decide it. *Padilla*, 542 U.S. at 435 n.8. This Court

> certainly has an obligation to follow the Supreme Court where an intervening decision of that Court directly reverses an opinion of the Sixth Circuit or implicitly reverses same through a case with indistinguishable facts. If, however, the intervening decision neither

> expressly nor implicitly overrules the prior Sixth Circuit decision, this Court must be extremely careful in concluding that circuit precedent is no longer good law, and should only deviate from such authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity.

*Cervantes-Munoz v. Raycraft*, --- F. Supp. 3d ---, No. 26-10661, 2026 WL 1031322, at *3 (E.D. Mich. Apr. 16, 2026) (quoting *United States v. Wehunt*, 230 F. Supp. 3d 838, 846 (E.D. Tenn. 2017)). *Padilla* did not alter *Roman* on the issue of whether the Attorney General can be a proper habeas respondent in immigration detention cases, so the Court must apply *Roman* as-is.

Petitioner also argues that *Roman*'s "extraordinary circumstances" exception applies in this case because he was arrested in Florida and then later moved to Michigan. ECF No. 18, PageID.314. However, noncitizens in immigration detention are normally "transferred several times during their detention." *Roman*, 340 F.3d at 326. The *Roman* court declined to find that "the mere possibility of successive transfers would justify an exception to the immediate custodian rule[.]" *Id.* Rather, the "extraordinary circumstances" exception only comes into play when ICE has "improperly manipulated its authority in an attempt to deny [a habeas petitioner] a meaningful opportunity for relief[.]" *Id.* Here, ICE did not improperly manipulate its authority "in a clear effort to evade" Petitioner's habeas petition. *Id.* Petitioner was transferred to Michigan long before he ever filed a habeas petition, and when

9

he filed his petition, ICE kept him in Michigan until the Court granted his release. It was only then that Petitioner decided *voluntarily* to return home to Florida.

For these reasons, the Attorney General is not a proper habeas respondent in this case. The remaining question is whether the warden of the Monroe County Jail or the ICE field office director is the proper respondent. Courts within this Circuit have sharply divided over whether one of *Roman*'s holdings—that the ICE Field Office Director is the "immediate custodian" in immigration detention cases—survived the Supreme Court's *Padilla* decision. *See Cervantes-Munoz*, 2026 WL 1031322, at *3–*4 (finding *Roman*'s holding that the ICE Field Office Director is the immediate custodian still good law after *Padilla*); *Cid-Barrios v. Raycraft*, 814 F. Supp. 3d 839, 845 (E.D. Mich. 2025) (same); *Aguilar v. Dunbar*, 809 F. Supp. 3d 718, 730 (E.D. Mich. 2025) (finding *Roman* inconsistent with *Padilla*, and concluding that under *Padilla*, the "immediate custodian" and proper respondent in an immigration detention case is the warden of the facility where the habeas petitioner is detained).

Regardless of whether the warden of the Monroe County Jail or the ICE Field Office Director is the proper respondent in this case, however, Petitioner is no longer within the jurisdictional authority of either one of them. For the reasons explained in greater detail below, Petitioner's case is moot regardless of whether the warden or the ICE Field Office Director is Petitioner's immediate custodian.

10

## B. Mootness

Federal courts may only review actual cases or controversies and have no power to adjudicate disputes which are moot. *Witzke v. Brewer*, 849 F.3d 338, 340 (6th Cir. 2017). "Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Gao v. Jennifer*, 185 F.3d 548, 557 (6th Cir. 1999). A controversy becomes moot "when a court cannot render an effective decree responsive to the complaint." *Id.* (quoting *Caldwell v. Craighead*, 432 F.2d 213, 218 (6th Cir. 1970)). A court must determine whether, assuming the plaintiff "receives the relief which he or she requests, such relief would no longer afford any meaningful legal benefit." *Id.* (quoting *Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356, 362 n.5 (6th Cir. 1997)).

"Because a petition for a writ of habeas corpus challenges a government custodian's authority to continue detention, an individual's release from custody after filing generally moots the petition." *Thabet v. Adducci*, No. 4:18 CV 611, 2018 WL 4271044, at *3 (N.D. Ohio July 23, 2018) (citing *Lane v. Williams*, 455 U.S. 624, 632 (1982)). The Supreme Court has recognized, however, that when a habeas petitioner challenging his mandatory detention is released on bond pursuant to a

11

TRO or preliminary injunction, his habeas petition is not necessarily moot because he "face[s] the threat of re-arrest and mandatory detention." *Nielsen v. Preap*, 586 U.S. 392, 403 (2019); *see also Carlos v. Noem*, No. 2:25-cv-01900-RFB-EJY, 2025 WL 2998184, at *4 (D. Nev. Oct. 24, 2025) (holding that a noncitizen habeas petitioner's case did not become moot when he was released from custody pursuant to a TRO because he "remain[ed] vulnerable to re-detention[.]"). Otherwise, some collateral consequence to the custody—"some concrete and continuing injury other than the now-ended [detention]"—must exist for the suit to continue. *Witzke*, 849 F.3d at 341.

Here, Petitioner has been unconditionally released. *See* ECF No. 4. Moreover, he no longer faces a threat of re-arrest by the proper Respondents in this case. The ICE Detroit Field Office Director's jurisdiction only covers Michigan and Ohio.[4] The Monroe County Jail warden only has control over the jail facility. Meanwhile, Petitioner lives in Florida and he transferred his immigration removal case to Florida upon his release from ICE custody here. ECF No. 16-4. If the Court entered an order against the ICE Detroit Field Office Director or the warden, it would have no effect on Petitioner's legal interests in Florida. In other words, Petitioner does not have an injury "that is capable of being redressed by a favorable judicial decision" from this Court. *Demis*, 558 F.3d at 512.

---

[4] *See* ICE Detroit Field Office, https://www.ice.gov/field-office/detroit-field-office.

Furthermore, even if there were any chance Petitioner could be re-arrested in Michigan, he would no longer face the threat of mandatory detention in the Sixth Circuit's jurisdiction.[5] After Petitioner filed his Petition for Habeas Corpus and was released on the TRO, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, which found that noncitizens like Petitioner are entitled to an opportunity for bond under § 1226(a), and that their mandatory custody under § 1225(b)(2) is unlawful and unconstitutional. *See* 175 F.4th 713 (6th Cir. 2026). In other words, the Sixth Circuit has issued binding precedent agreeing with Petitioner's legal positions in his Petition for Habeas Corpus. Immigration courts are bound to follow binding precedent of the circuit court that covers their geographic location, so Petitioner would not face mandatory detention under § 1225(b)(2) again. *See In re Garcia*, 28 I. & N. Dec. 693, 695 (B.I.A. 2023). Because there is "no reasonable basis for the Court to believe that [Petitioner] would be re-detained unlawfully upon termination of [this] suit," the case and controversy are now moot. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1265 (11th Cir. 2026) (quoting *Djadju v. Vega*, 32 F.4th 1102, 1105 (11th Cir. 2022)) (cleaned up).

---

[5] As Respondents point out, the Eleventh Circuit (which encompasses Florida) has also issued a binding decision that comports with *Lopez-Campos* and agrees with Petitioner's legal positions as well. Petitioner no longer faces mandatory detention in Florida either. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

In sum, Petitioner has been released and does not face any further threat of re-arrest and mandatory detention by the proper Respondents in this case. The Court can no longer render a decision that would afford any meaningful legal benefit to Petitioner. *Gao*, 185 F.3d at 557. The case and controversy have become moot.

## IV.   CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus [ECF No. 1] is **DENIED AS MOOT.**

**SO ORDERED.**

Dated:  July 29, 2026                              /s/Gershwin A. Drain

                                                           GERSHWIN A. DRAIN

                                                           United States District Judge